IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01848–PAB–KMT

CURTIS GULLICKSON,

    Plaintiff,

v.

BOA CONSTRUCTION, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that (1) may be entitled to confidential treatment under the Privacy Act, 5 U.S.C. §552a; (2) may otherwise intrude on the privacy interests of third parties; or (3) which will improperly annoy, embarrass, or oppress any party, witness, third party, or person providing discovery in this case,

IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents, material and information designated "CONFIDENTIAL" shall be documents, material and information that is confidential and implicates common law and statutory privacy interests, including confidential or private medical and/or mental health information, financial or tax information, information contained in personnel files, or arrest and criminal records information of (a) Plaintiff, and; (b) Defendant and current or former employees of the Defendant. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case, 1and except as authorized by the strict terms of this Protective Order. The parties note that some confidential and/or private information has been previously disclosed or produced, or discovered informally in this case. The parties shall have twenty (20) business days after the parties' signing of this Proposed Protective Order to specifically identify and designate, in writing, by description and by "Bates" number, if available, all previously disclosed, produced, and/or discovered CONFIDENTIAL information. During this twenty (20) business day period, all information that has been previously disclosed or produced, or discovered informally or through deposition in this case, shall be presumed to be CONFIDENTIAL information. Any such information that has not been identified and designated, in writing, as CONFIDENTIAL information at the expiration of this twenty (20) business day period shall lose its presumptive characterization as CONFIDENTIAL information.

Furthermore, medical and mental health information, financial and tax information, personnel information, and arrest and criminal record information regarding Plaintiff, that Defendant has obtained solely from third parties, based on the signing by Plaintiff of a document authorizing the release of such information, and all medical and mental health information regarding Plaintiff's or any third parties, whether marked CONFIDENTIAL or not, shall be deemed CONFIDENTIAL and subject to this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review as demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".  Counsel for the party producing the document shall review the information to be disclosed and only designate as confidential, the information counsel believes, in good faith, is confidential or otherwise entitled to protection.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

       8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

       9.      The provisions of the Protective Order shall not prevent a party from submitting a confidential document as an attachment to a motion involving evidentiary matters or into evidence at a court hearing or at trial that is otherwise admissible.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be retained in a secure location by the possessing counsel for a period of seven (7) years, and continue to be subject to the terms of this Order, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide opposing counsel with an affidavit confirming the destruction. If the CONFIDENTIAL documents have not already been destroyed prior to the conclusion of the seven (7) year period pursuant to the parties' agreement, the possessing counsel shall, after the seven (7) year period, destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction.  The parties shall have a two-month grace period following the seven (7) year period to destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction, if needed.

11. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 3rd day of February, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge